**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Bradley Marsh,** ) | **CASE NO. 4:16 CV 1621** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Commissioner of Social Security,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz ("R&R")(Doc. 14), recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow the R&R is REJECTED and this matter is REMANDED to defendant for further proceedings.

## FACTS

The facts and medical record are thoroughly set forth by the Magistrate Judge in the R&R and need not be repeated herein.

1

**STANDARD OF REVIEW**

Because plaintiff filed objections to the R&R, the Court will apply *de novo* review. Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

Plaintiff objects to the R&R on three grounds. Plaintiff argues that the ALJ failed to properly evaluate the opinions of Dr. Atul Goswami. In addition, plaintiff objects to the R&R's recommendation that the ALJ properly evaluated the opinion of Dr. Toth and properly assessed plaintiff's credibility. Because the Court finds that the ALJ did not properly evaluate Dr. Goswami's opinions, the Court finds that remand is required.

In June of 2007, plaintiff was involved in a motor vehicle accident, which resulted in a significant head injury. Plaintiff applied for and received disability benefits for a closed period ending August 26, 2008, at which point plaintiff returned to substantial gainful activity.

In support of his application for Disability Insurance Benefits and Supplemental Security Income, plaintiff offers the opinions of Dr. Atul Goswami. As noted by the ALJ, Dr. Goswami

2

is a treating physician who "treated claimant over a lengthy period of time." (R. 28) On August 14, 2013, Dr. Goswami opined that plaintiff:

- Is limited to lifting/carrying no more than ten pounds;
- Is able to stand/walk without interruption for no more than 20 minutes;
- Is able to stand for a total of four hours, but only in twenty minute increments;
- Can never climb, balance, stoop, crouch, kneel, or crawl; and
- Is limited in his ability to perform certain physical functions and is also limited by environmental factors;

Dr. Goswami opined that plaintiff would be "off task" 25% or more of the day and his impairments will cause him to miss work about four days per month. Dr. Goswami indicated that the medical findings supporting these restrictions result from plaintiff's back pain and numbness in both upper and lower extremities.

That same day, Dr. Goswami filled out a Headaches Medical Source Statement. In that opinion, Dr. Goswami opined that plaintiff suffers from mild headaches as a result of post concussion syndrome. He believed that as a result of the headaches, plaintiff would be "off task" 25% or more of the time and would be absent from work about four days per month. Plaintiff would also require unscheduled breaks at least three times each day and would require 30 minutes of rest before returning to work. The diagnoses associated with these limitations are "head injury, intracerebral hemorrhage, seizure disorder."

These two opinions were written on the same day and formed part of the same exhibit before the ALJ. (R. B9F). In addition, Dr. Goswami provided an opinion dated January 9, 2015. In this opinion, Dr. Goswami opined that plaintiff:

- Is limited to lifting/carrying no more than five pounds, but could carry up to 20

3

> pounds intermittently;

- Becomes "unsteady" if he is required to stand in the same spot for more than ten minutes;

- Is able to stand for a total of four hours, but "with interruption;"

- Can never climb, stoop, crouch, kneel, or crawl, but is able to occasionally balance; and

- Is limited by environmental factors;

Dr. Goswami opined that plaintiff would be "off task" 20% or more of the day and his impairments will cause him to miss work more than four days per month. Plaintiff would also require unscheduled breaks at least two times each day. Dr. Goswami indicated that the medical findings supporting these restrictions result from plaintiff's head injury, intracerebral hemorrhage, and seizure disorder.

The ALJ gave no weight to the opinions of Dr. Goswami. According to the ALJ:

> The claimant's primary care physician, Atul Goswami, M.D., offered two opinions, one dated August 14, 2013 and one dated January 9, 2015. The opinions are similar and therefore the limitations of August 14, 2013 will be recited. On that date, Dr. Goswami indicated that the claimant could perform less than sedentary work, could stand and or walk ten-to-twenty minutes, could sit for four hours, could not climb, balance, stoop, kneel, reach, handle, would have multiple environmental limitations, be off task twenty-five percent of the time and miss more than four days per month. Dr. Goswami based these limitations on the claimant's back pain and weakness. However, x-ray examinations of the claimant's back was normal, and the claimant's clinical examinations [including those performed by Dr. Goswami] have been routinely normal. The opinion of January 9, 2015 was based on claimant's seizure disorder, head injury and history of cerebral hemorrhage. However, this opinion gives no apparent consideration to the claimant's being released from treatment for these injuries in 2007, with no sequelae other than mild cognitive impairment and short-term memory loss, identified in 2008. Dr. Goswami has treated the claimant over a lengthy period and was reporting within the bounds of his professional certifications. However, the bases offered for the limitations proposed simple [sic] are not reflected as existing in the record, for the period relevant to this claim. No weight was accorded these opinions.

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly evaluated the

4

opinions of Dr. Goswami.  According to plaintiff, there is no indication in the record that the ALJ considered the Headaches Medical Source Statement, which formed part of Exhibit B9F. As such, the ALJ could not (and did not) give "good reasons" for rejecting the opinion.  In response, the government argues that a reasonable reading of the decision indicates that the ALJ considered the entirety of document B9F and simply construed the document to constitute one opinion instead of two.  The government further notes that the ALJ cited evidence in the record indicating that, although plaintiff reported headaches to his treating physician, he consistently denied headaches near the time of the accident.

Upon review, the Court agrees with plaintiff.  Here, the Court first notes that whether the ALJ considered B9F to be one opinion or two is not dispositive of the issue.  The Court, however, must be confident that the ALJ actually considered the contents of the Headaches Medical Source Statement in assigning weight to the treating physician opinions.  The initial concern is that the ALJ lumped together all limitations identified by Dr. Goswami in both the first part of the August opinion and the January 9, 2015 opinion, even though the limitations stem from two entirely different diagnoses.  In so doing, the ALJ identified a series of limitations, but opined that the limitations were "based on the claimant's back pain and weakness."  Thus, at no point did the ALJ expressly recognize that Dr. Goswami imposed limitations as a result of plaintiff's "head injury, intracerebral hemorrhage, [and] seizure disorder."  Making things more difficult, the ALJ never mentions the Headaches Medical Source Statement.  Both the Headaches Medical Source Statement and Dr. Goswami's January 9, 2015 opinion indicate that plaintiff would require unscheduled breaks two to three times per day and would need to lie down at least 30 minute per day.  Yet the ALJ's opinion makes no reference to

these limitations. Thus, the Court is simply unable to point to anything in the ALJ's opinion demonstrating that the Headaches Medical Source Statement or the additional specific limitations in the January 9, 2015 opinion were considered. As such, the Court cannot say that the ALJ gave good reasons for assigning no weight to the opinions. In fact, after not specifically addressing the limitations related to plaintiff's head conditions and headaches, the ALJ noted only that "[the opinion of January 9, 2015] gives no apparent consideration to the claimant's being release from treatment for these injuries in 2007, with no sequelae other than mild cognitive impairment and short-term memory loss, identified in 2008." To be sure, the Court agrees with the government that there is a lack of consistency between Dr. Goswami's extreme limitations and the record as a whole. But, this Court cannot engage in a post-hoc analysis in order to justify the rejection of plaintiff's treating physician's opinions. Accordingly, because it is not clear as to what precisely the ALJ considered in assessing the treating physician opinions, the Court cannot say that the ALJ gave "good reasons" for rejecting those opinions. As such, remand is required.

The government argues that the ALJ did in fact address plaintiff's complaints of headaches, albeit outside the context of assessing the treating physician opinions. The ALJ indicated that plaintiff reported to a consultive examiner that he had "ongoing" headaches. Yet, the medical reports from the time frame shortly after the car accident indicate that plaintiff reported no headaches. In other words, the ALJ found the information provided by plaintiff to be less than reliable because he reported "ongoing" headaches, yet up through his yearly post-accident checkup he reported no issues with headaches. Although this information may assist in the analysis, it is not helpful where it is unclear whether the ALJ was aware of the treating

6

physician's opinion regarding plaintiff's headaches and the limitations caused thereby. To the contrary, it appears that the ALJ rejected plaintiff's complaints of headaches only as they related to the symptoms plaintiff reported to the consultive examiner.

The Court finds no error in the manner in which the ALJ addressed Dr. Toth's neuropsychological assessment and opinion. Nor does the Court find that the ALJ erred in assessing plaintiff's credibility.

**CONCLUSION**

For the foregoing reasons, the Report and Recommendation of Magistrate Judge David A. Ruiz (Doc. 14) is REJECTED and this matter is REMANDED to defendant for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Dated: 6/9/17    Chief Judge